UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRISTIAN JOEL JUAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:15-cv-01425-JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion to Dismiss Petitioner Cristian Joel Juan's Verified Petition for Writ of Error Coram Nobis. (ECF No. 12.) Petitioner has filed a Memorandum in Opposition (ECF No. 14), and the Motion is ready for disposition.

## BACKGROUND

In June 2010, Petitioner was named in a multi-count, multi-defendant indictment, based upon allegations that he had engaged in various acts of conspiracy and fraud. Petitioner and his co-defendants retained representation from members of the same law firm. Following a Rule 44(c) motion hearing held on August 24, 2010, Petitioner executed a Waiver of Conflict of Interest. On January 5, 2011, Petitioner signed a written plea agreement, in which he agreed to plead guilty to one count of knowingly making a false statement to the Department of Housing and Urban Development, in violation of 18 U.S.C. §§ 1010 and 2. At the change-of-plea hearing held on January 11, 2011, the Court accepted Petitioner's plea, upon determining that the plea was entered knowingly and voluntarily and supported by an independent basis in fact. On May 20, 2011, the Court sentenced Petitioner to twelve months and one day in prison, and to twelve months of supervised release. Petitioner did not directly appeal his conviction, and at no point

during his incarceration or his term of supervised release did he move for post-conviction relief under 28 U.S.C. § 2255. (ECF Nos. 1, 63, 91, 128, 140, 145 (No. 4:10-cr-00291-JCH).)

On September 16, 2015, Petitioner, through counsel, filed a Verified Petition for Writ of Error Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651,[1] claiming that his rights had been violated under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. (ECF No. 1.) Specifically, Petitioner alleges (1) that he received ineffective assistance of counsel, in that his plea counsel, among other things, concealed from him and from the Court a conflict of interest that arose during plea negotiations, misrepresented the Government's plea offer to him, and coerced him into pleading guilty; and (2) that during the Rule 44(c) hearing, the Court failed to adequately inform him of the risks associated with dual representation. Petitioner essentially asserts that, because of the foregoing deficiencies in his criminal prosecution, his guilty plea was not entered knowingly and voluntarily. *Id.* With respect as to why he did not file the instant Petition until September 2015, Petitioner further alleges as follows:

> [Petitioner] did not know, or did [not] understand the significance of the errors and omissions that were made by both the Court and by his attorney during his criminal prosecution until he recently reviewed the documents from his prosecution and had the significance of those documents explained to him by his current counsel in June 2015…
>
> [Petitioner] was born and raised in Argentina. When he was indicted, he was unfamiliar with the American criminal justice system…
>
> [Petitioner] had just obtained his citizenship a few weeks prior to being indicted…

---

[1] A writ of coram nobis affords the same general relief as a writ of habeas corpus. However, it is not intended to be a substitute for an appeal or for proceedings brought pursuant to section 2255, and it is only available when the applicant is not in custody. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979); *Azzone v. United States*, 341 F.2d 417, 419 (8th Cir. 1965) (per curiam).

2

> [Petitioner] relied on the advice and counsel of his attorney…to represent him after he was indicted. [His attorney]…never adequately explained many of the basic protections available to [Petitioner] in the American criminal justice system…
>
> But, perhaps most importantly, [Petitioner] was not informed and did not know that the Court was there to help him understand many of these protections in the system and that the Court was in a position to protect him from abuses of the system; even abuses brought about by his own attorney…
>
> In Argentina where [Petitioner] was raised, [Petitioner] states the court system does not protect criminal defendants and is often corrupt. Argentinians learn to hire the best and most influential attorneys they can afford, trust those attorneys to work the system to their benefit and to do what their attorneys tell them to do in order to obtain the most lenient treatment. [Petitioner] was never told that the American system works differently and that the Court system was there to protect his rights, even against the actions of his own attorney…
>
> As a result of [Petitioner's] ignorance of the American system and [his attorney's] failures to inform him and protect him in that system, [Petitioner] had no real understanding of why he was sentenced to prison or that the errors, omissions and lack of loyalty to him by his attorney contributed to that outcome.
>
> [Petitioner] did not understand these issues until his current attorneys obtained his prosecution documents and the criminal prosecution documents of [Petitioner's co-defendant], reviewed those documents and then explained to [Petitioner], showing him how and why he ended up in prison… This information came to [Petitioner's] attention in June 2015.

*Id.* at 7-8. Petitioner further alleges that his criminal conviction has led to "significant and continuing civil disabilities and collateral consequences," including his inability to vote or serve on a jury. *Id.* at 34-35.

The Government now moves for dismissal, arguing that Petitioner's claims lack merit. The Government also argues that Petitioner's delay in filing his Petition was not reasonable, as he could have raised his claims on direct appeal or in a section 2255 habeas motion, and that he has therefore abused the writ. (ECF No. 12.)

**DISCUSSION**

The abuse-of-the-writ doctrine "in general prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991) (abuse-of-writ doctrine is similar in purpose and design to prohibition against adjudication in federal habeas corpus of claims procedurally defaulted in state court). The doctrine "concentrate[s] on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *Id.* The "cause" and "prejudice" standard used to determine whether to excuse state procedural defaults is also the standard for determining whether there has been an abuse of the writ through inexcusable neglect. *See id.* at 493-94. The abuse-of-the-writ doctrine applies to coram nobis cases. *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-73 (8th Cir. 1996).

Here, the Court is hesitant to apply the abuse-of-the-writ doctrine, because Petitioner did not directly appeal his conviction or move for post-conviction relief under section 2255, and he has not filed any prior petitions for writ of coram nobis. Thus, the instant Petition is not a "successive" one—a factor which distinguishes Petitioner's case from those in which courts have applied the abuse-of-the-writ doctrine.

Assuming the Petition is not barred as an abuse of the writ, the Court nevertheless finds that Petitioner has not shown he is entitled to coram nobis relief on the merits of his claims. "A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" *Camacho-Bordes*, 94 F.3d at 1173 (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). "Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted…and the movant must articulate the fundamental errors and

compelling circumstances for relief in the application for coram nobis." *Id.* (quotations and citations omitted); *see also Morgan*, 346 U.S. at 511 ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through [the writ of coram nobis] only under circumstances compelling such action to achieve justice."). A petitioner must also provide sound reasons for his failure to seek appropriate earlier relief. *See Morgan*, 346 U.S. at 512; *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971).

As an initial matter, Petitioner could have discovered and raised his claims at the appropriate time on direct appeal or in a section 2255 motion. Even assuming plea counsel's alleged ineffectiveness somehow hindered Petitioner from raising his claims on direct appeal, he still could have raised his claims in a section 2255 motion before the completion of his supervised release, and he has failed to provide sound reasons for his failure to do so. Petitioner's assertions that his "naivety" and lack of familiarity with the American justice system prevented him from discovering the facts upon which he bases his claims does not constitute excusable neglect for failing to pursue the claims through the habeas process. *Cf. Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988) (petitioner's pro se status and lack of familiarity with the English language did not constitute cause for failure to raise ineffective assistance claim in post-conviction petition); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (petitioner's pro se status and limited educational background were not sufficient cause for failing to pursue state-court remedies). Furthermore, while Petitioner alleges that he did not understand the issues he now raises until he met with his attorney in June 2015, he has offered no explanation as to why he waited more than two years after the expiration of his term of supervised release to consult with an attorney.

In any event, the plea transcript demonstrates that Petitioner entered his guilty plea knowingly and voluntarily. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any finding made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea hearing carry strong presumption of verity and pose formidable barrier in any subsequent collateral proceedings). At the plea hearing, the Court engaged in the following colloquy with Petitioner:

> Q  Now do you understand that you are under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury?
> A  Yes, Your Honor.
> …
> Q  Has anyone made any promises or assurances to you other than what's contained in [the plea agreement] in order to cause you to plead guilty today?
> A  No.
> Q  Has anyone tried to force or coerce you into pleading guilty?
> A  No.
> Q  Are you doing this on your own free will?
> A  Yes.
> …
> Q  Mr. Juan, did you hear what [the prosecutor] had said a few moments ago as he was reciting the facts that he would prove at trial?
> A  Yes.
> Q  And do you—do you agree with what he then stated?
> A  Yes, Your Honor.
> Q  Do you disagree with anything he told the Court?
> A  No.
> Q  Did you, in fact, commit these acts as [the prosecutor] has described them and as they're also describe in [the plea agreement]?
> A  Yes, I did.

(ECF No. 140 at 2, 5, 13 (No. 4:10-cr-00291-JCH).) Based upon Petitioner's testimony at the plea hearing, and because he has failed to demonstrate his actual innocence, the Court concludes

that he cannot show a fundamental error was committed, such that circumstances exist compelling action to achieve justice.

In view of the foregoing, the Government's motion to dismiss the Petition will be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss Verified Petition for Writ of Error Coram Nobis (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Verified Petition for Writ of Error Coram Nobis (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of February, 2016.

/s/    Jean C. Hamilton
UNITED STATES DISTRICT JUDGE